JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIN WU and CHANG ZHANG,<br><br>  Plaintiffs,<br><br>  v.<br><br>ALBERTO GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of United States Citizenship and Immigration Services,<br><br>  Defendants. | No. C 07-3118-PVT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  February 12, 2008<br>Time:  10:00 a.m. |

The defendants hereby oppose plaintiffs' motion for summary judgment for the reasons set forth in defendants' motion for summary judgment. In addition, the defendants wish to address two of plaintiffs' arguments in more detail.

A. 8 U.S.C. § 1571

The defendants contend that plaintiffs' reliance on 8 U.S.C. § 1571 is misplaced. That statute provides, in relevant part, that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." As an initial matter, the defendants wish to point out that this statute was enacted prior to September 11, 2001, and after USCIS's enhanced effort to conduct more thorough

DEFENDANTS' OPPOSITION
C 07-3118-PVT                                             1

rigorous (and consequently more time-consuming) background checks on aliens who seek immigration benefits.  *See* Declaration of Gerald Heinauer ¶ 13; Pub. L. 106-313, Title II, § 202, Oct. 17. 2000), 114 Stat. 1262.  Accordingly,8 U.S.C. § 1571 no longer provides a meaningful standard against which the Court can measure the delay at issue in this case.  The events of September 11, 2001 marked a dramatic shift in issues involving national security.  It is well established in the Declaration of Michael Cannon that since September 11, 2001, the FBI's resources have been sorely taxed by the demands that have been made on it by USCIS and other agencies.  Legitimate national security concerns, intensified by the sophistication of some of the threats to the lives of people in this country, have forced federal agencies to be considerably more careful and thorough in their investigations than they were in the past.  In short, after the enactment of 8 U.S.C. § 1571, there has been a lot more work for the FBI and USCIS to do.

    Secondly, the language of 8 U.S.C. § 1571 clearly demonstrates that it is merely precatory.  As precatory language, this provision does not give plaintiffs a right to an adjudication of their I-485 applications within any particular time frame.  *See Wright v. City of Roanoke*, 479 U.S. 418, 432 (1987) (stating that a statute phrased in precatory terms does not create a substantive right); *Orkin v. Taylor*, 487 F.3d 734, 739 (9th Cir. 2007) (9th Cir. 2007) ("Sense of Congress' provisions are precatory provisions, which do not in themselves create individual rights, or, for that matter, any enforceable law.").

B. <u>National Security</u>

    In their cross-motion for summary judgment, the plaintiffs suggest that defendants have failed to provide an individualized showing that they pose a risk to national security.  Plaintiffs' Motion for Summary Judgment at 8.  As the declaration of Michael Cannon makes clear, however, name checks are generally performed on a first-in, first-served basis, subject to numerous factors that contribute to delays in the completion of an individual's name check.  Declaration of Michael Cannon ¶¶ 20, 26-30.  Plaintiff Zhang's name check has been completed, and plaintiff Wu's name check is being processed in accordance with the procedures set forth in Michael Cannon's declaration.  Cannon Declaration ¶ 41.  The defendants do not have a burden of demonstrating at this point that plaintiffs pose a risk to national security.  It is the completion of the name check,

performed in accordance with standard procedures, that will allow the agencies to determine whether an individual is a risk to national security.

Dated: January 22, 2008                    Respectfully submitted,

                                           JOSEPH P. RUSSONIELLO
                                           United States Attorney


                                              /s/
                                           EDWARD A. OLSEN
                                           Assistant United States Attorney