Justin Fok, Esq., CA Bar #242272
Law Offices of Jean D. Chen
2107 N. 1st Street, Suite 400
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiffs
Jin Wu and Chang Zhang

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **Jin Wu and Chang Zhang** | Case No. C 07-3118 PVT |
| Plaintiffs, | **OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **Alberto Gonzales,** United States Attorney General, U.S. Department of Justice; | Hearing Vacated by Court Order |
| **Michael Chertoff**, Secretary of the Department of Homeland Security; | |
| **Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services; | |
| Defendants. | |

## **INTRODUCTION**

Plaintiffs are applicants who seek to adjust their status to Legal Permanent Resident ("LPR") in the United States.  This action arises out of Defendants' unreasonable delay in the adjudication of Plaintiffs' *I-485 Application to Register Permanent Residence or Adjust Status*.

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment
Case No. C 07-3118 PVT

1    On June 13, 2007, Plaintiffs filed this action seeking mandamus relief and declaratory
2 judgment under 28 U.S.C. § 1361, and the Administrative Procedures Act (APA). Plaintiffs now
3 seek summary judgment in this action and ask this Court to enter an order requiring the USCIS
4 to complete adjudication of Plaintiffs' I-485 applications within 60 days of receiving the Court's
5 order. Additionally, Plaintiffs ask that this Court to grant reasonable attorney's fees pursuant to
6 the Equal Access to Justice Act (28 U.S.C. § 2412) as well as any other relief at law and in
7 equity as justice may require. Both parties filed cross-Motions for Summary Judgment on
8 January 10, 2008, and both parties have stipulated to vacating the Summary Judgment Hearing to
9 have this case decided upon the submitted motions. There is no dispute as to the facts of this
10 case and Plaintiffs are entitled to summary judgment as a matter of law. This Opposition is in
11 response to Defendants' Cross Motion for Summary Judgment.

## ANALYSIS

### A. DEFENDANT GONZALEZ SHOULD REMAIN

Plaintiffs do not object to dismissing defendant Gonzales (now Mukasey) from this action; however, defendant Gonzalez should remain a party to this action. By the defendants' own admission, defendant Gonzalez, as the Director of the USCIS, is "generally charged with the overall administration of immigration benefits and services." *See* Answer at ¶ 6. The applications at issue are I-485 immigrant petitions and Defendants have made no showing as to why the Director of the USCIS should be removed from this action.

### B. CONGRESS HAS INDICATED ITS INTENT

Defendants argue that there is no statutory timeline for the adjudication of an I-485, and because Congress "chose to remain silent in the context of I-485 applications" mandamus relief cannot lie. As mentioned in Plaintiffs' motion for summary judgment, such indication is given in the Immigration Services and Infrastructure Improvement Act ("Act"). At Section 202 of the Act entitled "Purposes" the Act explicitly states that "It is the sense of the Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application…" 8 U.S.C.A § 1571(b). Thus, Congress could not have intended to permit potentially unlimited delays for the adjudication of the applications at issue.

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment
Case No. C 07-3118 PVT

### C. THE DELAY IS REASONABLE

Defendants characterize the 2 year 8 month processing time in Plaintiffs' applications as "reasonable" and list several reasons for this assertion.  First, Defendants point out that the I-485 applications have been partially processed - the FBI name check was sent out one week after receiving Plaintiffs' I-485 applications and Defendants also note that the USCIS has completed other background checks on the Plaintiffs.  Plaintiffs do not dispute that some processing has taken place for their cases.  However, Defendants "fail to comprehend that the APA grants Plaintiffs a right to have the agency *complete* work on their application within a reasonable time."  *Yu v. Brown*, 36 F. Supp.2d 922, 933 (D.N.M.1999).  Partial processing does not equate to timely processing.

Second, Defendants posit that expediting Plaintiffs' cases would delay the processing for other applicants.  The average processing time for an I-485 application with the requisite name check is approximately 6-8 months.  *See* Complaint, Exhibit 7.  Assuming that the Defendants are following their "first in first out" rule, it is difficult to imagine that there are a great number of applications ahead of Plaintiffs' to be processed when taking into account this average processing time.  Exactly how many applications, or indeed, if there are *any* applications still pending with a filing date prior to April 27, 2005, is left to conjecture as the defendants provide no information as to how many applications this might be.

Finally, Defendants note that while Plaintiffs' I-485's are pending, they can apply for and receive employment authorization and travel authorization for the entire time their cases are pending.  What the defendants fail to mention is that these applications cost time and money in order to be filed.  Currently, the filing fees for employment authorization (I-765) are $340, and travel authorization (I-131) are $305 (Exhibit 1).  Plaintiffs must complete these application forms and pay these filing fees each year their applications go unadjudicated.

### CONCLUSION

After over two and a half years of waiting, Plaintiffs have a clear right to relief under both the Mandamus Act and the Administrative Procedures Act.  Defendants have a non-discretionary duty to complete adjudication of Plaintiffs' I-485 applications within a reasonable

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment
Case No. C 07-3118 PVT

3

1  time.  For these reasons, Plaintiffs respectfully request that the Court grant summary judgment in
2  their favor.

4  Dated: January 29, 2008                                                    Respectfully Submitted,

                                                                              _____/s/_____
                                                                              Justin G. Fok
                                                                              Attorney for Plaintiffs

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment
Case No. C 07-3118 PVT

4