|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JIN WU, et al.,  )  Case No.: C 07-3118 PVT
           )
    Plaintiffs, )  **ORDER VACATING HEARING DATE**
           )  **AND SETTING DEADLINE FOR**
v.         )  **DEFENDANT TO FILE ITS CONSENT**
           )  **TO MAGISTRATE JUDGE**
ALBERTO GONZALES, et al., )  **JURISDICTION**
           )
    Defendants. )
_____ )

    This case was originally assigned to District Judge Jeremy Fogel. On October 12, 2007, the parties filed a Joint Case Management Conference Statement in which they represented they "would consent to proceed before a Magistrate Judge." A Case Management Conference was held before District Judge Fogel on October 19, 2007. The civil minutes of that conference state that the parties consent to reassignment to Magistrate Judge Trumbull for all purposes, and noted that the case would be reassigned upon receipt of signed consents from all parties. On October 23, 20007, Plaintiff filed a document entitled Consent to Proceed Before a United States Magistrate Judge (the "Consent"), which included a signature block for Defense counsel, and "/s/" appeared on the signature line for Defense counsel.

    The Consent filed by Plaintiff did not comply with section X.(B) of this court's General Order No. 45, which provides:

> "Others. In the case of a Signatory who is not an ECF User, or who is an ECF User but whose User ID and Password will not be utilized in the electronic filing of the

    document, as in the case of documents requiring multiple signatures, the filer of the document shall list thereon all the names of any other signatory or signatories. The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document. The filer's attestation may be incorporated in the document itself, or take the form of a declaration to be attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page(s) of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required."

Thus, the Consent filed by Plaintiff may be deemed to have been signed by Plaintiff's counsel, but not Defendants' counsel. As such there is not yet any express consent to Magistrate Judge jurisdiction by Defendants on file with the court. Therefore,

    IT IS HEREBY ORDERED that, no later than February 14, 2008, Defendants shall file their consent to proceed before a Magistrate Judge.[1]

    IT IS FURTHER ORDERED that the hearing on the cross-motions for summary judgment, currently set for February 12, 2008, is VACATED, and the motions will be taken under submission without oral argument.

Dated: *2/8/08*

                                                PATRICIA V. TRUMBULL
                                                United States Magistrate Judge

---

[1] While Defendants' consent to proceedings before a Magistrate Judge can be inferred from Defendants' failure to contradict Plaintiff's two representations that Defendants consented, as well as Defense counsel's representations on the record at the Case Management Conference (*see Roell v. Withrow*, 538 U.S. 580 (2003)), in order to avoid any dispute in this regard the court is not inclined to rule on the cross-motions for summary judgment until Defendants have filed an express written consent to Magistrate Judge jurisdiction.

ORDER, *page 2*